IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MARQUITA TOOMBS, | : | |
| | : | |
| Defendant, | : | |
| v. | : | CASE NO. 4:18-cr-32-CDL-MSH-1 |
| | : | |
| UNNITED STATES OF AMERICA. | : | |

## ORDER

Defendant seeks appointment of counsel under the Criminal Justice Act (CJA). The Court held two hearings on this issue and allowed Defendant to explain her financial condition in multiple filings and in court. For the reasons explained below, her request is denied.

**I.    Standard for Appointment of Counsel**

Title 18, United States Code, section 3006A(a)(1)(A) states that "[r]epresentation shall be provided for any financially eligible person who is charged with a felony or a Class A misdemeanor[.]" Section 3006A(b) further explains that "counsel will be appointed" to represent a defendant "if he [or she] is financially unable to obtain counsel." The CJA does not further define "financially unable to obtain counsel." However, the Judicial Conference of the United States created policies and guidelines for use in the administration of the CJA. Those guidelines provide:

> A person is "financially unable to obtain counsel" within the meaning of 18 U.S.C. § 3006A(b) if the person's net financial resources and income are insufficient to obtain qualified counsel. In determining whether such insufficiency exists, consideration should be given to:

(1) the cost of providing the person and his dependents with the necessities of life, and
(2) the cost of the defendant's bail bond if financial conditions are imposed, or the amount of the case deposit defendant is required to make to secure release on bond.

Judicial Conference of the U.S., 7A Guide to Judiciary Policy, ch. 2, § 210.40.30.

## II. Defendant's Financial Ability to Obtain Counsel

To determine whether Defendant Toombs is "financially unable to obtain counsel," she was directed to complete a CJA 23 Financial Affidavit.[1] (ECF No. 8.) Therein, Defendant represents that she has not been employed since May 2016, but states that she receives $3,100/month in veterans disability benefits and $486/month in child support. CJA 23 at 1, ECF No. 8. This amounts to approximately a $43,000 yearly income. Defendant also states that she owns a car valued at $10,000. *Id.* Defendant avers that she supports a daughter, and that her total monthly expenses are $6,000 plus a $1,500 student loan payment. *Id.* In sum, based on her CJA application, Defendant she has almost a $4,000 monthly deficit.

Defendant was then directed to complete the long-form *in forma pauperis* affidavit to better compare her income and expenses. (ECF No. 13.) Therein, she states that she receives $3,051/month in disability benefits and $486/month in child support. Appl. to Proceed IFP 1-2, ECF No. 13. This represents a yearly income of approximately $42,500. She maintains that she has negative amounts in her multiple checking and savings accounts.

---

[1] Defendant Toombs was given an unsecured bond in the amount of $10,000 on July 13, 2018. This bond amount is thus not factored into the consideration of whether Defendant is financially unable to obtain counsel. *See* 7A Guide to Judiciary Policy, ch. 2, § 210.40.30(a)(2).

*Id.* at 2. Defendant also avers that she has multiple assets—a home valued at $250,000, a car valued at $2,000, and a second car valued at $2,900. She then states that she has almost $6,300 in monthly expenses. Of that amount, $2,685 goes to what the Court considers to be "necessities." If the Court includes the large motor vehicle installment payment, that amount increases to $3,161, and leaves Defendant with a monthly surplus of $376. The remainder of Defendant's listed monthly expenses—$3,128—goes to various installment payments to retail and credit card companies.[2] Defendant does not list a student loan payment on her long-form application.[3]

The 2018 Poverty Guideline is $16,460 for a two person household. *See* 2018 HHS Poverty Guidelines, 83 Fed. Reg. 2642, 2643 (Jan. 18, 2018). Defendant's income of over $40,000 is more than 2.5 times the poverty guideline. *See Thomas v. Chattahoochee Jud. Cir.*, No. 4:14-cv-9, 2014 WL 6956204, at *4 (M.D. Ga. Dec. 8, 2014) ("[A]s a starting point, [the poverty guidelines] carry great weight, particularly when an [*in forma pauperis*] applicant's income significantly exceeds the guideline."). Defendant owns a home and two vehicles. She clearly has the ability to obtain credit as her assets and multiple credit accounts reveal. While she states that she has a large monthly deficit that prohibits her from obtaining counsel, her reported income and expenses do not support that assertion.

---

[2] Defendant lists monthly payments to, among others, Wells Fargo Visa, Capital One, Pay Pal, Navy Credit Union Visa, Fingerhut, QVC, Steinmart, Kohls, Walmart, Lowes, Sam's, Sherwin Williams. Appl. to Proceed IFP 4.

[3] Defendant certified under penalty of perjury that the information in both the CJA 23 Financial Affidavit and the Application to Proceed IFP was true and correct. *See* CJA 23 at 1; Appl. to Proceed IFP 1. Defendant did not account for the discrepancies in her forms either during the hearing or on the long-form application.

Defendant has the ability to pay for her necessities for herself and her dependent and still obtain counsel. Her request for appointed counsel is consequently denied.

## CONCLUSION

For the reasons explained above, Defendant's request for appointment of counsel is denied.

SO ORDERED, this 7th day of August, 2018.

S/Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE